THE WICHITA SASH & DOOR COMPANY v. CHARLES WEIL et al.

No. 16,129.

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Judgment by Default—Vacation—Retrial.* In an action by a subcontractor to recover a personal judgment against the contractor and to foreclose a mechanic's lien on the building and premises of the owner, a judgment by default was first rendered against the contractor and the foreclosure of the lien was adjudged. Subsequently the owner moved for the vacation of the judgment and the motion was allowed, but the personal judgment against the contractor was not formally set aside. No defense was made by the con-

tractor and the court proceeded to try the case as if the entire judgment had been vacated, and upon the trial allowed the owner to contest the amount due and the extent of the lien to be adjudged against his property. *Held,* that the court should have formally set aside the personal judgment against the contractor, but that it was not prejudicial error to try the question of the amount due to the subcontractor without having made such formal order.

2. ———— *Action by Subcontractor—Defense by Owner—Counter-claim.* In an action brought by a subcontractor, where the original contractor does not defend against the claim, the owner may defend, and for the purpose of ascertaining the amount due and reducing the extent of the lien to be established against his premises may allege and prove damages resulting from defects and omissions in the work performed or the material furnished by the subcontractor.

3. ———— *Tender—Withdrawal—Discharge of Lien.* Where the owner asks for the withdrawal of an amount of money which he had tendered and paid into court to meet the claim of the subcontractor and which the subcontractor declined to accept, and the court grants his request and permits the withdrawal of the deposit, such tender and deposit can not be regarded as effecting a discharge of a lien properly perfected.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed July 3, 1909. Modified.

*O. A. Keach,* for the plaintiff in error.
*Brubacher & Conly,* for the defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover for material and labor furnished toward the construction of a house, and to foreclose a mechanic's lien. In 1905 Charles Weil, the owner of ground, entered into a contract with H. Croskey for the erection of a dwelling-house. In the course of the construction Croskey contracted with the Wichita Planing Mill to furnish and place in the house a front door and stairway. After furnishing these and putting them in, the Wichita Planing Mill took the required steps to procure a subcontractor's lien for a balance due under the subcon-

tract. The claim was assigned to the Wichita Sash & Door Company, and on July 7, 1906, that company brought this action against Croskey and Weil, asking for a personal judgment against Croskey for the amount due and for a foreclosure of the mechanic's lien on Weil's premises. On October 25, 1906, Croskey and Weil both being in default, the court rendered a personal judgment against Croskey for $384.65, with interest from the time the claim was due, amounting to $405.75, and also adjudged the foreclosure of the lien.

On October 29, 1906, Weil filed a motion to set aside the judgment, giving as reasons for his default that the plaintiff had not filed an amended petition, as required by a former order of the court; that the judgment had been prematurely rendered; and, further, that he had a good defense to the action. After a hearing the court found that the judgment had been rendered under a misapprehension of the facts, and sustained the motion, but held that it might stand as against Croskey, who had not asked to have it vacated.

On November 12, 1906, Weil answered with a general denial, and averred that the material furnished for the door and stairway was defective, unseasoned, and inferior; that the work was not done in a workmanlike manner; that the door became warped and twisted so that the glass did not fit and was not properly supported; and that the newels and the baluster of the stairway shrank and became loose, and the stairway, being improperly supported, settled, to the damage of the answering defendant in the sum of $250. On February 27, 1907, Weil tendered and paid into court the sum of $375, and offered to confess judgment for costs up to that time, but the plaintiff declined the tender on the ground that it was insufficient in amount and also that this was not a case in which a tender could be made by the owner. A trial was subsequently had with a jury, and the verdict fixed the amount due

Sash Co. v. Weil.

at $290.40, being the sum of $259.65, with interest thereon at 6 per cent. per annum from November 25, 1905, to November 25, 1907. After the verdict Weil was permitted to withdraw $84.60 of the deposit, the difference between the amount as originally tendered and the amount found in the verdict. The question of the lien upon the premises then came on for a hearing, and the court specially found that the necessary steps had been taken by the plaintiff to perfect a mechanics' lien, but refused to enforce it because of the tender and deposit made by Weil. In an examination of the verdict rendered by the jury the court found that they had erred in awarding interest after the tender had been made, and therefore reduced the amount due to $279.20. It has been made to appear by the supplemental record that since the settling of the original record the court permitted Weil to withdraw the balance of the money tendered.

In behalf of Weil it is contended that the court is without jurisdiction to hear this appeal because there is less than $100 in controversy. Although at one stage of the proceedings the difference between the amount claimed by the plaintiff and that offered by Weil was less than $100, the plaintiff is nevertheless here claiming on the record that it is entitled to a lien on Weil's premises of more than $400. The court decided that the plaintiff was not entitled to a lien for any amount, and allowed the amount tendered to be taken down, so that the plaintiff has not only been deprived of the lien claimed but also of the amount tendered and paid into court by Weil. It is clear therefore that the amount in controversy is the full amount claimed against Weil's property.

The first contention of the plaintiff is that the amount due under the subcontract was fixed by the personal judgment rendered against Croskey, the contractor, on October 25, 1906, which has never been set aside as to Croskey, and that therefore it was error to submit to

39—80 KAN.

the jury or to retry the issue of the amount due. It insists that when a subcontractor furnishes labor or material to a contractor at an agreed price, or where there is a settlement between them of the amount due for the same, or where the subcontractor obtains a personal judgment against the contractor without fraud or collusion, the amount due and the extent of the lien is thereby fixed beyond the control of the owner.

It is true as contended that there is no privity of contract between the owner and the subcontractor. The contractor is the primary debtor, and ordinarily the accounting or adjudication of the amount due to the subcontractor is a matter of concern only to them. As between them there may be offsets, counter-claims, equities and defenses as to which the owner would have neither knowledge nor concern. The subcontractor may depend upon the personal liability of the contractor and claim no lien against the owner; but where a lien is claimed and sought to be enforced the owner is, of course, interested in the extent of the lien to be established against his property. To protect the owner the legislature has provided that he can retain the whole contract price until the expiration of the sixty days, within which such liens may be filed, and, further, that he can not be compelled to pay subcontractors in excess of the amount he has agreed to pay the contractor. To prevent the enforcement of unjust liens against his property the statute provides that where an action is brought by a subcontractor, as in this instance, it is the duty of the contractor to defend against the claims of every subcontractor, and that if he fails to make such defense the owner may make the same at his expense. (Civ. Code, § 635.)

In this instance the contractor did not contest the claim of the subcontractor, and under the rule of the statute it was competent for the owner to defend against the claim set up by the plaintiff. Among other things he had the right to contest the extent of the lien that should be adjudged against the property.

But counsel for the plaintiff say that the question had already been determined by the personal judgment against the contractor and could not be retried so long as that judgment remained in force. Under some circumstances such a judgment should be regarded as a final determination of the amount due. While the judgment was not formally vacated, as it should have been, it was in effect set aside by the action of the trial court. The court proceeded as if the whole question was open for consideration. The jury were called, each party submitted testimony as to the amount due, and the question was as fully tried as if the judgment against Croskey had been specifically set aside. Croskey was a party to the action, and the other parties were as effectually bound by the subsequent proceedings in the case as if Croskey had resisted the payment of the plaintiff's claim. Having tried out the question as if no judgment existed, no good purpose would be subserved by sending the case back to enable the court to go through the empty form of vacating that judgment.

It is said the contractor was satisfied that the claim of the subcontractor was just and for that reason he did not desire to resist or to reduce the claim. The statute contemplates that the owner shall not be bound by the inaction or even by the agreement of the contractor with the subcontractor. He is expressly authorized to defend if the contractor does not, and therefore he may do so even if the unresisting contractor is satisfied or is in agreement with the subcontractor. The right as well as the extent of the defense that the owner may make is illustrated in the case of *Fossett v. Lumber Co.*, 76 Kan. 428. It was there decided that, although there is no privity of contract between the owner and the subcontractor, the owner may set off damages sustained by him against the claim of the subcontractor. It was said:

"The owner may recoup damages against the contractor arising out of the failure of the latter faithfully to perform the contract, and without regard to the ab-

sence of specific terms in the contract providing for damages. He may show as against the contractor that the building was not completed, or not completed in time, or that defective materials were used. Why should he not be permitted to show these counter-claims when it is sought to recover from him by one who has no contractual relations with him and who seeks to recover a debt due from the contractor?" (Page 444.)

A claimant is only entitled to a lien for the amount actually due for labor and material. The building and premises of the owner are not bound for more than is justly due to the claimant. The owner may, while making the defense as the statute authorizes, ask to have the claim reduced because of the defects or omissions in the work performed or the materials furnished by the subcontractor. There was set up and properly submitted to the jury herein the question of damages sustained by the owner by reason of defective workmanship and material, and in the absence of the evidence it may be assumed that the amount of the plaintiff's claim was reduced by this counter-claim. No error was committed in allowing the owner to contest with the subcontractor as to the amount due upon this claim nor as to the extent of the lien to be adjudged.

The court, however, after finding that a lien had been properly perfected, denied its enforcement because of the tender heretofore mentioned. As the plaintiff declined the offer and deposit it is in no position to claim any benefit from the same. Weil, however, insists that the tender operated to discharge the lien. No provision is made by statute for the release of a mechanic's lien by a tender or deposit of money, but assuming that the court under its equitable powers may authorize the substitution of a cash deposit for a claimed lien and order the release of the lien, this can only be done where the deposit is received for that purpose and remains in the custody of the court. Here the court allowed the amount tendered and paid in by Weil to be withdrawn, leaving the plaintiff without lien or deposit. The ac-

tion of the court characterizes the proceeding and indicates that Weil in asking for the money and the court in allowing it to be withdrawn did not regard the deposit as a substitute for the lien. The findings, however, show that the plaintiff was entitled to the lien on Weil's premises for the amount found to be due, and to this extent the judgment must be modified.

The exception to the refusal to submit certain special interrogatories to the jury can not be sustained for the reason that application for the submission was not seasonably made.

The case is remanded to the district court, with directions to modify the judgment in accordance with the opinion herein.